UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KODRESKO NATALIA,

                         Plaintiff,

            -against-

GROUP SHELTER "BOWERY"; WOMAN
AND MAN; 70 PEOPLE; FADEEVA VALEY;
ROMANOV; HECTOR FLORES; FADEEVA
GALY; FADEEV SERGEI,

                         Defendants.

23-CV-7521 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, invokes the court's federal question jurisdiction, alleging that Defendants violated her rights. By order dated August 28, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff 60 days' leave to file an amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff brings her claims using the court's general complaint form. She checks the box on the form to invoke the court's federal question jurisdiction. In response to the question on the form asking which of her federal constitutional or federal statutory rights have been violated, Plaintiff writes, "Persecute long time with robbery, rape[,] broken bone – broken health and life. And kill family, and repeat my heart, and violent – current on my son." (ECF 1, at 2.)

Although it is unclear exactly whom Plaintiff intends to sue,[1] she appears to name the following Defendants: (1) "Group Shelter 'Bowery'"; (2) Fadeeva Valy, for whom Plaintiff provides the address of a White Plains women's shelter; (3) "Romanov," whose job title Plaintiff lists as "Padre; NY Federal Court," and for whom she provides a New York, New York shelter address; (4) Hector Flores, whom Plaintiff describes as "Special Police" at Washington Sacred Heart Church; (5) Fadeeva Galy, whom Plaintiff describes as "Special Police" at the Bowery Mission Shelter in Manhattan; and (6) Fadeev Sergei, whom Plaintiff also describes as "Special Police" at the Bowery Shelter Mission. (*See id.*, at 3-5.)

Plaintiff alleges,

On me persecute with robbery expensive dress, gold, auto, money, apartment and heavy violent with rape 3 time, 3 time serious suffocation, with broken bone spine and head, with full broken teethes, and every day beat current – program on death

---

[1] For example, in the caption of the complaint, Plaintiff lists as Defendants "Group Shelter 'Bowery,'" "woman and man," "70 people," and her own name. (*See* ECF 1, at 1.)

and man Hector Flores speaking he my husband and take my apartment. And in firm incom exactly this group sit and prepared project on kill my heart, because they want robbery my apartment, and in America they agressive on disability on my doing and this can ask – housing America.

But I'm go in Asylum what my family have killer and on my person abnormally criminal actions doing every time. But in 4 city I'm contact only with group 70 people killer my family. They no have diplom university and no have right or my person doing as on kleint. Because ROMANOV – this sit in OLD house 40 years and no working.

(*Id.* at 5-6.)[2]

In the space on the complaint form where Plaintiff is asked to describe her injuries, she states, "Romanov and Flores – Rapist and have contact with Aferist woman Rudakova Vika and dankenking. And in Bowery FULL family – this mother this woman – Rose, Sheron, Valy." (*Id.* at 6.)

In the section of the form to state the relief she is seeking, Plaintiff states,

On me in passport doing 54 years but this woman have age +30 years as on me. Yt – Valy Fadeeva now 84 years and she work special police and in shelter, with kill my heart. But this prepared robbery apartment my. But this my husband doing general justice on me apartment.

(*Id.*)

## DISCUSSION

### A.     Rule 8

Although *pro se* litigants enjoy the Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (per curiam), their pleadings must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

---

[2] The Court quotes the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless otherwise indicated.

(2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id*. (internal citations, quotation marks, and alteration omitted). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Here, Plaintiff does not allege sufficient facts to state a plausible claim for relief. She appears to state that she has been the victim of various crimes, but she does not allege sufficient facts about any of these incidents to suggest a viable legal claim or to explain how the named defendants are liable for any alleged violation of her rights. Moreover, it is unclear where and when any alleged violation of Plaintiff's rights took place.

The Court grants Plaintiff leave to file an amended complaint to allege additional facts in support of her claims.[3]

---

[3] On September 7, 2023, Plaintiff filed a notice of motion and a declaration in support of her notice that include allegations similar to those made in the complaint. While it is unclear what relief, if any, Plaintiff is seeking from the Court, it appears she may be asking the Court to pass along her complaint to the district attorney. To the extent Plaintiff is asking this Court to contact a prosecutor's office on her behalf, such action would be improper and the Court denies the motion.

B.    **Subject Matter Jurisdiction**

If Plaintiff files an amended complaint, she must allege facts demonstrating that the Court

has subject matter jurisdiction of her claims. The subject matter jurisdiction of the federal district

courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes,

federal jurisdiction is available only when a "federal question" is presented or when plaintiff and

defendant are citizens of different states and the amount in controversy exceeds the sum or value

of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party

or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the

court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc. 919, AFL-CIO*

*v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway*

*Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see*

Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter

jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S.

574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own

initiative.").

1.    **Federal Question Jurisdiction**

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under

federal law if the complaint "establishes either that federal law creates the cause of action or that

the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal

law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting

*Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of

federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal

subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff checks the box on the complaint form to invoke the court's federal question jurisdiction, but her factual allegations do not suggest a viable cause of action under federal law. For example, Plaintiff suggests that she has been a victim of crime and appears to seek criminal prosecution of the perpetrators, but Plaintiff cannot initiate the arrest and prosecution of an individual in this Court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981); *see also Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972) (prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court").

To the extent Plaintiff seeks to assert constitutional claims under 42 U.S.C. § 1983, she must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Although Plaintiff labels some of the defendants as "Special Police," she does not explain what that title means, and she alleges no further facts demonstrating that the defendants are state actors who may be held liable under Section 1983.

**2.**        **Diversity of Citizenship Jurisdiction**

Although the complaint may be construed as attempting to assert state law tort claims, Plaintiff does not invoke the Court's diversity of citizenship jurisdiction, nor does she allege facts demonstrating that the Court has diversity jurisdiction to consider her claims. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Because Plaintiff alleges that both she and Defendant Group Shelter "Bowery" are residents of New York, she does not satisfy the diversity of citizenship requirement. Moreover, although it is unclear whether the addresses she provides for the individual defendants are residential addresses, it appears that they may also be residents of New York. Finally, it is unclear from the complaint that Plaintiff's claims are worth in excess of the $75,000 statutory jurisdictional amount.

**C.        Leave to Replead**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.*

*USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because it is unclear whether Plaintiff may be able to allege additional facts to state a valid claim, the Court grants Plaintiff 60 days' leave to amend her complaint to detail her claims.

If Plaintiff files an amended complaint, she must demonstrate that the Court has subject matter jurisdiction of her claims. If she brings her claims under the Court's federal question jurisdiction, she must allege facts demonstrating that her claims arise under the Constitution, laws, or treaties of the United States. If she brings her claims under the Court's diversity jurisdiction, she must allege facts demonstrating that she and the defendants are citizens of different states and that her claims are worth in excess of $75,000.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-7521 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted, and decline, under 28 U.S.C. § 1367(c)(3), to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 10, 2023
       New York, New York

                             /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____

_____ Civ. _____ ( _____ )

*(In the space above enter the full name(s) of the plaintiff(s).)*

**AMENDED
COMPLAINT**

-against-

_____
_____
_____
_____
_____
_____
_____
_____
_____

Jury Trial:   ☐ Yes       ☐ No
                        *(check one)*

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**I.        Parties in this complaint:**

A.      List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff        Name _____

                      Street Address _____

                      County, City _____

                      State & Zip Code _____

                      Telephone Number _____

B.      List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1    Name _____

                   Street Address _____

                   County, City _____

                   State & Zip Code _____

                   Telephone Number _____


Defendant No. 2    Name _____

                   Street Address _____

                   County, City _____

                   State & Zip Code _____

                   Telephone Number _____


Defendant No. 3    Name _____

                   Street Address _____

                   County, City _____

                   State & Zip Code _____

                   Telephone Number _____


Defendant No. 4    Name _____

                   Street Address _____

                   County, City _____

                   State & Zip Code _____

                   Telephone Number _____


## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction?  *(check all that apply)*

□ Federal Questions            □ Diversity of Citizenship

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

_____

_____

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

_____

**III.    Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? _____

_____

B.    What date and approximate time did the events giving rise to your claim(s) occur? _____

_____
_____

C.    Facts: _____

_____

| What happened to you? |

_____
_____
_____
_____

| Who did what? |

_____
_____

_____

| Was anyone else involved? |

_____
_____

| Who else saw what happened? |

_____
_____
_____
_____

**IV.    Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____
_____
_____
_____
_____

**V.      Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are

seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff      _____

Mailing Address             _____

_____

_____

Telephone Number          _____

Fax Number *(if you have one)*   _____

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners
        must also provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering
this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for
the Southern District of New York.

Signature of Plaintiff:   _____

Inmate Number             _____