UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KODRESKO ANATOLIEVNA NATALIA,

                    Plaintiff,

          -against-                                    23-CV-7521 (LTS)

GROUP SHELTER BOWERY, *ET AL.*,                        ORDER OF DISMISSAL

                    Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this complaint alleging that Defendants violated her rights. By order dated October 10, 2023, the Court directed Plaintiff to amend her complaint to address deficiencies in her original pleading. Plaintiff filed an amended complaint on October 10, 2023,[1] and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## BACKGROUND

      By order dated October 10, 2023, the Court determined that Plaintiff's original complaint failed to state a plausible claim for relief because, while Plaintiff appeared to allege that she had been the victim of various crimes, she did not allege sufficient facts about any of the incidents mentioned to suggest a viable legal claim. (*See* ECF 6.) Nor did Plaintiff allege sufficient facts explaining how the named defendants were liable for violating her rights, or where and when any of the alleged violations occurred. The Court also noted that it appeared that Plaintiff may have been asking the Court to pass along her complaint to the district attorney on her behalf, a request which the Court denied as improper.

---

[1] Plaintiff received the Court's order to amend at the Pro Se Intake Window the day it was issued, October 10, 2023, and filed her amended complaint at the window on the same day.

The Court granted Plaintiff leave to file an amended complaint to allege additional facts in support of her claims. The Court further stated that if Plaintiff files an amended complaint, she must demonstrate that the Court has subject matter jurisdiction of her claims. Specifically, the Court directed Plaintiff that, if she brings claims under the Court's federal question jurisdiction, she must allege facts demonstrating that her claims arise under the Constitution, laws, or treaties of the United States.[2] If she brings clams under the Court's diversity jurisdiction, she must allege facts demonstrating that she and defendants are citizens of different states and that her claims are worth in excess of $75,000.

Plaintiff's amended complaint is stylistically and substantively similar to the original complaint. Although it is unclear exactly whom she seeks to sue, it appears she names the following as Defendants: (1) "Shelter 'Bowery' with killer"; (2) Galy Fadeeva; (3) Valy Fadeeva; (4) Nagdasev Anatoli; (5) Romanov; (6) Lanhenki Ni; and (7) "full 'Bowery'"; and (8) "Police New York." Plaintiff also writes in the caption to the complaint, "I'm asking court with prosecutor and judge who no have contact with group 'Bowery' because I'm have 7 years only killer." (ECF 7, at 1.)[3]

Like the original complaint, the amended complaint appears to reference various crimes committed against Plaintiff and, possibly, against others. She alleges,

> This group doing issue document on my apartment and heavy violent doing on trafic my person with false credit. I'm no doing claim, but I'm now want decide on big claim with judge and prosecutor. This decide only Federal Court. But I'm go in Federal Court in New York and here stopping Romanov, love-sex have with my mother and doing RAPE on my person in 18 years, and this woman company him Vika Rudakova – Lanhenkina. [illegible] program – Nagdasev + Valy

---

[2] The Court specifically noted that Plaintiff cannot initiate the arrest or prosecution of an individual in this Court, and that if she asserts constitutional claims under 42 U.S.C. § 1983, she must allege facts showing that each defendant acted under color of state law. (*See* ECF 6, at 6.)

[3] The Court quotes from the amended complaint verbatim. All spelling, grammar, and punctuation are as in the original unless otherwise indicated.

psoriasis program – Galy Erofeeva; on heavy damage blood pressure – Romanov – this white face – this in 35 years hyper big dosage he beat on my mother[.] And on Arkansas and on way [illegible] exactly this company kill my pressure blood.

(*Id.* at 3.)

In the space on the complaint form to describe her injuries, Plaintiff states,

Lo KK – Police white plain (person pressure) [illegible] kill my mother, my person, my son or white face W. And in Butlerova apartment beat (his voice) PSORIASIS – on my child 1years, and face child go on red piece. This super dosage beat in "Hugo Boss." And I'm see Nagdasev with black hear. He on way threaten!

(*Id.*)

In the section of the amended complaint form to state the relief she is seeking, Plaintiff writes,

Look – Romanov doing RAPE on my person. And beat on white color face my mother and I'm think she finished life and no beat on me super dosage. V. And doing APARTMENT my Georgii for him company. V. (He in project – I do trial. VVV). And police only ONE group – this no have right. And Rd – Karlik woman and Pirog. Super dosage right left.

(*Id.* at 5.)

The complaint also includes several pages of handwriting in a language other than English.

## DISCUSSION

### A.   Rule 8

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads sufficient factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true, *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), but it need not accept as true "[t]hreadbare

3

recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A complaint fails to comply with Rule 8(a)(2) if it is 'so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Strunk v. U.S. House of Representatives*, 68 Fed. App'x 233, 235 (2d Cir. 2003) (summary order) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)); *see Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (holding that complaint did not comply with Rule 8 because "it contained a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension"). Rule 8 "does not demand that a complaint be a model of clarity or exhaustively present the facts alleged," but it does require, "at a minimum, that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (citation and quotation marks omitted). "It is not the Court's job – nor the opposing party's – to decipher a complaint that is 'so poorly composed as to be functionally illegible.'" *Ghosh v. N.Y.C. Hous. Auth.*, No. 21-CV-6139, 2023 WL 3612553, at *6 (S.D.N.Y. Feb. 27, 2023) (quoting *Avramham v. N.Y.*, No. 20-CV-4441, 2020 WL 4001628, at *2 (S.D.N.Y. July 15, 2020)).

Plaintiff's amended complaint, like the original complaint, does not comply with Rule 8. Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, the Court is unable to determine what Plaintiff is alleging, and, as discussed below, nothing in the amended complaint suggests a viable federal claim.

**B.       Criminal Prosecution**

As in the original complaint, Plaintiff again appears to allege that she is the victim of various crimes and appears to seek criminal prosecution of various individuals. As stated in the Court's order of dismissal, however, Plaintiff cannot initiate the arrest and prosecution of an individual in this Court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981); s*ee also Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972) (prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen of court"). Plaintiff's claims seeking criminal prosecution of individuals are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.       Claims Under Section 1983**

Plaintiff may be seeking to assert constitutional claims under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

**1.       Private Parties**

As discussed in the Court's October 10, 2023 order, a claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Because Defendants "Shelter 'Bowery' with killer," Galy Fadeeva, Valy Fadeeva, Nagdasev Anatoli, Romanov, Lanhenki Ni, and "full 'Bowery'"

appear to be private actors, and Plaintiff has alleged no facts suggesting any of these defendants

are state actors, Plaintiff cannot state a Section 1983 claim against these defendants.

### 2.    The NYPD and City of New York

Plaintiff also names "Police New York" as a defendant, which the Court understands to

be the New York City Police Department ("NYPD"). Any claims against the NYPD must be

dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City

Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the

violation of any law shall be brought in the name of the city of New York and not in that of any

agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93

n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y.

2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

In light of Plaintiff's *pro se* status and possible intention to assert claims against the City

of New York, the Court construes the complaint as asserting claims against the City of New

York. When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff

to allege that one of the municipality's employees or agents engaged in some wrongdoing. The

plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See*

*Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government

may be liable under this section [1983] if the governmental body itself 'subjects' a person to a

deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell*

*v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d

Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must

allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the

policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones*

*v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Here, Plaintiff alleges no facts suggesting that the City of New York has a policy, practice, or custom that has caused a violation of her federal constitutional rights. Plaintiff therefore fails to state a Section 1983 claim against the City of New York. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## D.    Supplemental Jurisdiction

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## E.    Further Leave to Amend is Denied

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff has already been given an opportunity to amend her complaint and because nothing in

the amended complaint suggests that its defects could be cured with a further amendment, the

Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Court dismisses the amended complaint for failure to state a claim on which relief

may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff

may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated:    December 5, 2023
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge
